```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CHASE BANK USA, N.A.,

        Plaintiff,

    -against-

MICHAEL SECONDO,
        Defendant.
------------------------------------X

MICHAEL SECONDO,

        Third-Party Plaintiff,

    -against-

UNITED STATES SMALL BUSINESS
ADMINISTRATION and WILLIAM YOUNG, in
an official capacity, and RACHEL
BARANICK, in an official capacity,
HSBC BANK USA, N.A., JPMORGAN CHASE
& CO., JPMORGAN CHASE BANK, N.A. and
MARK E. SEGALL,

        Third-Party Defendants.
------------------------------------X

10 Civ. 5053 (DAB)
MEMORANDUM
OPINION AND ORDER

DEBORAH A. BATTS, United States District Judge.

    This action originated in the Civil Court of the City of New York, where on May 11, 2010, Chase Bank USA, N.A. sued Michael Secondo to collect on an unpaid personal credit card balance of $3,831.38. Alleging a conspiracy to interfere with his civil rights under 42 U.S.C. §§ 1985(2) and 1986, Mr. Secondo filed a Third Party Complaint on June 2, 2010, which named as defendants the United States Small Business Administration, William Young,

Rachel Baranick, HSBC Bank USA, N.A. ("HSBC"), JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and Mark E. Segall (together, the "Third-Party Defendants"). On June 30, 2010, Defendants United States Small Business Administration ("SBA"), William Young, and Rachel Baranick (together, the "SBA Defendants") removed this matter to federal court pursuant to 28 U.S.C. § 1442(a)(1). This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1346.

## I. DISCUSSION

The allegations underlying Mr. Secondo's Third-Party Complaint arise out of an action in the Supreme Court of the State of New York, ReSeal Int'l Ltd. P'ship et al. v. Michael Secondo et al., No. 603202/2007 (the "ReSeal Action"), which resulted in a Judgment against Mr. Secondo. (Third-Party Compl. ¶ 88.) Now, in this wholly unrelated debt collection matter, Mr. Secondo attempts to redress what he perceives as a violation of his civil rights in the ReSeal Action that the Third-Party Defendants had a duty to prevent. (Id., ¶¶ 159-161.) Such claims are not cognizable here.

With respect to Third-Party Defendant HSBC, Mr. Secondo previously asserted violations of 42 U.S.C. §§ 1985 and 1986 arising out of the ReSeal Action in an earlier case in this district, HSBC Bank USA, N.A. v. Hunter Delivery Sys. and Michael

2

C. Secondo, No. 09 Civ. 5562. In an Order dated June 28, 2010, Judge Laura Taylor Swain dismissed Mr. Secondo's claims against HSBC, with prejudice, for failure to state a claim upon which relief can be granted. Id., 2010 WL 2598195, at *5 (S.D.N.Y. June 28, 2010). "The doctrine of ... claim preclusion[ ] holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Monahan v. New York City Dep't of Corr., 214 F.3d 275 (2d Cir. 2000) (internal quotation marks omitted). Mr. Secondo's claims against HSBC in this action are identical to claims asserted against HSBC and dismissed on the merits with prejudice in Judge Swain's June 28, 2010 Order. Mr. Secondo's claims against HSBC in this action are therefore precluded and must be dismissed, with prejudice.

With respect to Third-Party Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and Mark E. Segall (together, the "Chase Defendants"), Mr. Secondo has failed to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 14(a) permits the commencement of a third-party action against "a nonparty who is or may be liable to (the defendant) for all or part of the claim against it." Fed. R. Civ. P. 14(a). A third-party action must be dependent on, or derivative of, the main claim. Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428,

3

438 (2d Cir. 2000); <u>Kenneth Leventhal & Co. v. Joyner Wholesale Co.</u>, 736 F.2d 29, 31 (2d Cir. 1984) (finding that either a third-party defendant's liability to a third-party plaintiff must be "dependent upon the outcome of the main claim," or that the third-party defendant must be "potentially secondarily liable as a contributor to the defendant") (citations omitted).

At issue in this case is a personal credit card debt of approximately $3,800. Mr. Secondo makes no plausible allegations, either in his Third Party Complaint or in oral argument before this Court, that his personal credit card agreement with Chase Bank USA, N.A. obligated any of the Chase Defendants to defend him or otherwise intervene in the ReSeal Action, such that the Chase Defendants would be secondarily liable on Mr. Secondo's personal credit card debt based upon their failure to do so. Mr. Secondo's Third-Party Complaint must therefore be dismissed as to the Chase Defendants.

Similarly, with respect to the SBA Defendants, Mr. Secondo makes no plausible allegations of secondary liability on a personal credit card debt by virtue of any actions or omissions in the ReSeal Action. Mr. Secondo's Third-Party Complaint must therefore also be dismissed as to the SBA Defendants.

Although permission to amend a Complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a Court

4

may dismiss without leave to amend when amendment would be futile. <u>Oneida Indian Nation of New York v. City of Sherrill</u>, 337 F.3d 139, 168 (2d Cir. 2003) (internal citations omitted), <u>rev'd on other grounds</u>, 544 U.S. 197 (2005). "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." <u>Id.</u> (citing <u>Ricciuti v. N.Y.C. Transit Auth.</u>, 941 F.2d 119, 123 (2d Cir. 1991)). This Court finds that amendment would be futile because Mr. Secondo cannot allege that the personal credit card relationship at issue in this case gave rise to any obligation for any of the Third-Party Defendants to defend Mr. Secondo in the ReSeal Action. Additionally, amendment is futile because the claims against HSBC are precluded.[1]

---

[1] Although not briefed by the parties, this Court notes that if the Third-Party Complaint stated a plausible claim for relief, it is not clear that the Rooker-Feldman doctrine would apply. Mr. Secondo is here alleging a conspiracy among non-parties to his state action, which is not an end-run <u>per se</u> against the Judgment against him in that case. The Rooker-Feldman doctrine deprives lower federal courts of subject matter jurisdiction where four conditions are met:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment [.]" Third, the plaintiff must "invite district court review and rejection of [that] judgment[ ]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"-

<u>Hoblock v. Albany County Bd. of Elections</u>, 422 F.3d 77, 85 (2d Cir. 2005) (quoting <u>Exxon Mobil Corp. v. Saudi Basic</u>

## II. CONCLUSION

Based upon the pleadings in this case and a hearing held before this Court on October 19, 2010 at 2:30 p.m., it is ORDERED:

The Third-Party Complaint filed by Michael Secondo against the United States Small Business Administration, William Young, Rachel Baranick, HSBC Bank USA, N.A., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and Mark E. Segall is DISMISSED with prejudice.

Leave to replead is DENIED.

This Court declines to exercise supplemental jurisdiction over the remaining claims in this case pursuant to 28 U.S.C. § 1367(c)(3). This matter is therefore REMANDED to the Civil Court of the City of New York in the County of New York.

Michael Secondo is hereby permanently ENJOINED from filing any Complaint or claim in any jurisdiction, federal or state, against the United States Small Business Administration, William Young, Rachel Baranick, HSBC Bank USA, N.A., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., or Mark E. Segall, arising out of the ReSeal Action, except that this Order shall not bar Mr. Secondo from exercising his right to appeal this or any other

---

Indus. Corp., 544 U.S. 280, 284 (2005)).

Order or Judgment. Failure to comply with this Order may be considered Contempt of Court and, upon proper motion, will result in sanctions including monetary fines and/or assessment of any attorney's fees and expenses involved in prosecuting a contempt action. <u>United States v. Int'l Bhd. of Teamsters</u>, 899 F.2d 143 (2d Cir. 1990).

    Mr. Secondo's application to proceed <u>in forma pauperis</u> is DENIED.

    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith.

    The Clerk of Court is directed to CLOSE the docket in this case.

SO ORDERED.

DATED:    New York, New York
           October 20, 2010

                                              _Deborah A. Batts_
                                                Deborah A. Batts
                                       United States District Judge